Archibald C. Wemple, J.
The defendant was arrested early in 1959 for an alleged violation of the Zoning Ordinance of the Town of Glenville, New York. Upon application to this court, a certificate was granted on September 14, 1959, pursuant to section 57 of the Code of Criminal Procedure, transferring the case from the Justice’s Court of the Town of Glenville and declaring it reasonable that the charge be prosecuted by indictment. This certificate was allowed because it appeared that there would be some intricate questions of fact or law raised on the trial, including an interpretation of the zoning ordinance in question.
At the start of the trial, the zoning ordinance itself, together ■with resolution amendatory thereof, the defendant’s deed showing ownership, proof of publication of the amendatory resolution, property map and building permit issued to the defendant in 1949 were all stipulated in evidence.
The testimony shows that the defendant negotiated for the purchase of certain rural property in 1949 and on August 30, 1949, before acquiring title thereto, applied for a building permit. The defendant acquired title by deed dated October 4, 1950. In his application for the building permit the defendant stated, under oath, that the ‘ ‘ building to be used and occupied as a dwelling.” Upon such application a permit was issued.
There were several People’s witnesses who testified that the defendant, over a period of time, constructed two buildings, first a cement block garage in which the defendant lived for a time, and later a dwelling still to this date incomplete. The People’s witnesses categorically testified that, with the exception of a cement mixer and truck left for a time in the rear of the premises, there was never an accumulation of old or junk cars on the premises until the year 1958. Then and thereafter, the defendant parked cars numbering from several to three dozen or more on the open portions of the premises. These cars were in various stages of disrepair and constituted what is now generally known as an automobile “ junkyard ” for cars which are no longer operable but from which parts can be taken and sold.
On the other hand, the defendant and Ms several witnesses testified that the defendant transacted business in auto parts from the premises in question from the year 1950. These were *563 operations in which customers came to the Johnson Road property to pick up or pay for used auto parts purchased. Defendant’s witnesses testified to the presence of auto parts on the property but not to the storage of old auto bodies as such. The defendant contends that his business operation after 1951 was merely a continuation of a nonconforming use in 1950 and was therefore permissible after this property was zoned.
The crux of the matter is that the resolution above referred to extending the provisions of the zoning law to the property of the defendant on Johnson Road became effective on April 8, 1951. It is undisputed that the defendant’s property, by the resolution and the zoning law, was then zoned in a single-family residential district. Was the defendant’s use for business and particularly one in which large numbers of old cars were stored for the purpose of removal of parts a continuation of a lawful use existing before 1951 or was the extension of the use as described in the testimony a violation of the zoning law? This is the basic question to be determined herein.
Section 3 of article 9 of the Zoning Ordinance of the Town of Grlenville, adopted July 7, 1931, which the resolution extending the territorial effect thereof to the defendant’s premises, specifically permitted the continuing of a “ lawful use of land and buildings existing at the time of the adoption of this ordinance.” If, then, the defendant had operated a junk yard previous to the effective date of the resolution, namely April 8, 1951, then continued operation thereof was lawful.
The defendant’s testimony, taken in its entirety, indicated that previous to 1951 customers had picked up auto parts at the property in question; that said auto parts had been stored thereon in secluded places; that one or two vehicles had been parked thereon; but certainly the defendant’s testimony does not support his contention that the property was used as a junk yard to store motor vehicles from which parts were to be sold. The placement of 25 to 36 inoperable “junk” cars on the premises was obviously not the continuation of the use of the premises as a temporary “depot” for the delivery of auto parts, nor the operation of a parts business where some auto parts (not auto bodies or chassis) were stored in places not within the view of the passing public.
Under all the circumstances, this court finds that the defendant has violated the zoning ordinance. The use of the premises as a storage place for large numbers of “junk” cars cannot be construed as a continuation of the use of the premises by the defendant described by him and his witnesses as existing before the zoning law was amended in 1951.
The verdict of the court is defendant is guilty, as indicted.